DA 10-0119

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 234N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

GARY DALE BRADLEY,

      Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDC 2007-320
Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Johnna K. Baffa; Van de Wetering Law Offices, Missoula, Montana

      For Appellee:

      Steve Bullock, Montana Attorney General; C. Mark Fowler, Assistant
Attorney General, Helena, Montana

      Leo J. Gallagher, Lewis and Clark County Attorney, Helena, Montana

Submitted on Briefs:  September 29, 2010

Decided:  November 3, 2010

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Gary Bradley appeals from an order of the First Judicial District Court, Lewis and Clark County, denying Bradley's request to withdraw his guilty plea. We affirm.

¶3 This appeal originates from Bradley's January 2008 plea of guilty to criminal endangerment. On September 22, 2007, after a day of consuming beer, Bradley and his neighbor got into a dispute over the remaining alcohol. Bradley then assaulted his drinking partner, causing a blowout fracture of his left eye socket.

¶4 On December 20, 2007, Bradley was charged with aggravated assault. Additionally, a persistent felony offender (PFO) notice was filed against him. His second public defender successfully negotiated a plea agreement that reduced Bradley's charge from aggravated assault to criminal endangerment. Furthermore, the Lewis and Clark County Attorney agreed to withdraw Bradley's PFO notice. Bradley signed a written plea bargain, acknowledging that he still risked exposure to the maximum prison sentence.

¶5    On January 11, 2008, Bradley pled guilty, stated he was happy with his attorneys, acknowledged he was not promised any benefits and admitted to fracturing his neighbor's eye socket. On July 17, 2008, Bradley appeared with his third public defender at sentencing, where he received nine years with four suspended. On October 2, 2009, assisted by his fourth public defender, Bradley moved to withdraw his guilty plea. On January 13, 2010, the District Court denied Bradley's motion, concluding the plea had been voluntary, and Bradley was merely looking for any excuse to withdraw it.

¶6    Bradley raises the issue of whether the District Court improperly denied his motion to withdraw his guilty plea. He argues that the plea did not meet the legal standard for voluntariness.

¶7    The ultimate test for withdrawal of a guilty plea is voluntariness. *State v. Lone Elk*, 2005 MT 56, ¶ 14, 326 Mont. 214, 108 P.3d 500. The defendant must be "fully aware of the direct consequences of the plea, including the actual value of any commitments made to him by the court, the prosecutor or his own counsel." *Lone Elk*, ¶ 21. Although not dispositive, a plea made in exchange for the dismissal of another charge indicates voluntariness because the defendant made an intelligent, calculated decision. *Lone Elk*, ¶ 16.

¶8    We agree with the District Court that there is no indication the defendant's plea was involuntary. The only issue Bradley raises that tends to support involuntariness is the claim that his second public defender misinformed him as to the ramifications of PFO status. However, Bradley admits that he received the correct information from his third

3

public defender, long before sentencing. There is no indication of involuntariness here, and considering Bradley's potential sentence, he received a great deal.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the issues are clearly controlled by settled Montana law.

¶10 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS